IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER G. PICKARD,<br><br>   Plaintiff,<br><br>     v.<br><br>KIA MOTORS CORPORATION<br>a Korean Corporation, et al.,<br><br>   Defendants. | CIVIL ACTION FILE<br>NO. 1:12-CV-4419-TWT |

ORDER AND OPINION

This is a products liability action arising out of an automobile accident. It is before the Court on the Plaintiff's Motion to Remand [Doc. 9]. The Plaintiff was a passenger in a Kia automobile driven by the Defendant Katherin Ann Motes. She lost control of the vehicle, ran off the road and crashed into a brick structure. The Plaintiff contends that his catastrophic injuries were caused by a defective seat belt. The Plaintiff named as Defendants in this action Katerin Ann Motes and her parents. It is undisputed that the Motes Defendants are residents and citizens of Georgia. Unless they were fraudulently joined, this Court lacks subject matter jurisdiction because there is an absence of complete diversity.

At the time of the accident, the Kia vehicle driven by Katherin Motes was insured by Cotton States Mutual Insurance Company. On October 1, 2011, Pickard executed a Limited Release of Cotton States Insurance (the liability insurer for the Motes Defendants) pursuant to O.C.G.A. § 33-24-41.1. The Limited Release provided, in pertinent part:

> The Release is intended to release the Insureds from all claims covered by the policy and from all personal liability from any and all claims arising from the Accident except to the extent other insurance coverage is available which covers such claim. This Release does not bar the Undersigned from recovering . . . under any other policy of insurance and does not release any insurance carrier other than Cotton States Mutual Insurance Company that may provide coverage for this occurrence.

In May 2012, State Farm (the Pickards' uninsured motorist carrier) filed suit as the subrogee of Paul Pickard - not the Plaintiff - against the Motes. This lawsuit was dismissed with prejudice.

In an action that has been removed to federal court, a district court must remand the case to state court if it lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). The determination of the court's subject matter jurisdiction is, and must be, the first inquiry in the removal context. See University of Southern Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). The defendant bears the burden of proving that it is entitled to have the case heard in federal court. Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990). The burden on the removing party is a

"heavy one." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981)). Because removal jurisdiction raises significant federalism concerns, removal statutes are strictly and narrowly construed, and all doubts about jurisdiction must be resolved in favor of remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872 (1941); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  When the basis for removal is the purported fraudulent joinder of a resident defendant – which Kia alleges to be the case here – the party seeking removal has the burden of establishing that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007) (quoting Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006)) (emphasis added) (internal quotation marks omitted).  "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." Id. at 1299.

It seems clear to me that Kia has failed to show that there is no possibility the Plaintiff can establish a cause of action against the resident Defendants.  The settlement with the Motes Defendants was pursuant to O.C.G.A. § 33-24-41.1, which

states in relevant part that a limited release under this statute shall not "[r]elease the tort-feasor from personal liability to the extent that there is other insurance in effect which covers the said claim or claims, but only to the extent of such other insurance." O.C.G.A. § 33-24-41.1(d)(4). "In other words, a limited release 'does not affect the injured party's ability to obtain a judgment against the tortfeasor, but merely limits the tortfeasor's personal liability to the amount of available insurance coverage.'" Edmond v. Continental Ins. Co., 249 Ga. App. 338, 340 (2001)(quoting Rodgers v. St. Paul Fire & Ins. Co., 228 Ga. App. 499, 501 (1997)). Kia has not shown that there is no possibility of other insurance being available to the Motes Defendants. For the reasons set forth in the Plaintiff's briefing, the action against the Motes Defendants is not barred by res judicata. This Court lacks subject matter jurisdiction. Therefore, the Plaintiff's Motion to Remand [Doc. 9] is GRANTED. This action is REMANDED to the State Court of Gwinnett County, Georgia.

    SO ORDERED, this 22nd day of February, 2013.

                                      /s/Thomas W. Thrash
                                      THOMAS W. THRASH, JR.
                                      United States District Judge